[Civ. No. 5629. Third Appellate District.—November 13, 1936.]

HARRY THORSEN, Respondent, v. PACIFIC GREYHOUND LINES, INC. (a Corporation) et al., Appellants.

Geary & Geary, C. J. Tauzer, W. H. Early and Mervin C. Lernhart for Appellants.

Clarence N. Riggins for Respondent.

PULLEN, P. J.—This matter comes before us upon a motion to dismiss the appeal or affirm the judgment in the above matter rendered by the court sitting without a jury.

The controversy arose out of an automobile accident in which three vehicles were involved, and occurred on the Napa Valley highway at a stone bridge about five miles north of St. Helena.

A Greyhound stage driven by Arthur J. Burke, was traveling north on its right side of the highway at approximately 40 miles per hour. Going south was a truck and trailer driven by Gordon Vejarano and owned by Merritt S. Leslie, since deceased, and whose estate is represented by the administratrix. Following the truck and trailer was a truck belonging to Harry Thorsen, plaintiff and respondent herein. The Greyhound and the truck of plaintiff met at the southerly portal of the bridge almost head on, causing the damage which was the basis of this action.

It is the contention of appellants Vejarano and the administratrix of the estate of Leslie, deceased, that the driver of the stage was negligent, which negligence was the sole proximate cause of the accident. These appellants pointed out in the evidence that the stage was traveling between 40 and 45 miles an hour, and when about 200 feet from the truck and trailer, which was then still on the north side of the bridge, the driver of the stage saw the truck and

trailer was on the left side of the highway. The driver of the stage then took his foot off the gas, applied his brake and pulled over onto the dirt shoulder of the highway. At that point the brakes locked and the stage slipped, whereupon the driver of the stage, in an attempt to avoid running into the creek or striking the stone abutment of the bridge, swung to his left grazing the bridge and striking the truck of plaintiff which was following the truck and trailer of Leslie. Marks upon the highway indicate the stage had skidded approximately 75 or 80 feet and was going about 20 miles per hour at the instant of the impact. From this, appellant Vejarano and the administratrix contend the stage was either traveling at an excessive speed or the brakes were faulty. It was also claimed the driver of plaintiff's truck was contributorily negligent in that he saw the stage approaching, saw it to be in a position of danger, but did not apply his brakes until about 80 or 90 feet from the point of the impact, and that he was still traveling about 15 miles per hour when the two vehicles collided. The particular appellants claim therefore that the negligence of the operator of the truck and trailer in driving on the left side of the highway was not the proximate cause of the accident, but that the damage resulted from the negligence of the driver of the stage concurring with the contributory negligence of the respondent.

The stage company pointed out that upon rounding a curve as it approached the bridge in question their driver was confronted with a truck and trailer proceeding toward him on the wrong side of the highway. In order to avoid colliding with the truck and trailer the driver swung to the extreme right of the road and onto the dirt shoulder. The truck and trailer passed, but about 50 feet ahead of the stage was a narrow stone bridge over a steep ravine. The bridge is not as wide as the shoulders on the highway and in order to avoid striking the parapet of the bridge and plunging into the ravine, the driver of the stage was compelled to make an abrupt turn back on to the highway. Just as he accomplished this he saw approaching the truck of plaintiff. The stage struck the parapet of the bridge, then collided with the truck.

The driver of the stage testified that when the truck and trailer passed him he was about 40 or 50 feet from the bridge and the trailer had not yet fully returned to the right side of the road, and it was not until the truck and trailer had passed him that he could see the oncoming truck of plaintiff.

Plaintiff testified that when he saw the stage it was on its right side of the highway, and continued on its right until it turned abruptly to the left in order to avoid hitting the bridge. Both the driver of the stage and the driver of the truck testified that the truck and trailer was proceeding down the highway upon the wrong side of the road, and it is not disputed that the truck of plaintiff was at all times upon its right side of the highway. The only negligence attempted to be charged against the driver of plaintiff's truck is that he failed to anticipate the position or danger in which the stage found itself and failed to stop his truck in time to avoid the collision.                z

The traversable portion of the bridge is 18 feet in width, which under normal circumstances was sufficiently wide to accommodate two vehicles.

We can see no negligence as a matter of law in any of the acts of the driver of the truck of plaintiff but the negligence of the driver of the truck and trailer approaching the bridge and negotiating the curve as he did upon the wrong side of the highway, and the course taken by the stage, either through excessive speed or defective brakes or swinging too sharply back on to the highway, clearly places the negligence upon them.

Therefore from an examination of the record and of the opening briefs of appellants, it is apparent that respondent herein was entitled to judgment and that the trial court committed no error in so holding.

The judgment should be therefore affirmed, and it is so ordered.

Thompson, J., and Plummer, J., concurred.